IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARION LATROY ALEXANDRIA-WILLIAMS and NELL WILLIAMS,<br><br>　　Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST SERIES INABS 2005-D, HOME EQUITY MORTGAGE LOAN ASSET-BACKED CERTIFICATES SERIES INABS 20005-D, and PHH MORTGAGE CORPORATION, AS SUCCESSOR BY MERGER TO OCWEN LOAN SERVICING, LLC,<br><br>　　Defendants. | Civ. No. 2:25-cv-02589-SHL-tmp |

**ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE**

On August 26, 2025, the Court entered an Order for Plaintiffs to Show Cause. (ECF No. 14.)  That Order noted that Plaintiffs Marion Latroy Alexandria-Williams and Nell Williams had yet to file a response to the Motion to Dismiss and Motion to Deem Plaintiffs Vexatious Litigants, filed by Defendants Deutsche Bank National Trust Company, as Trustee For Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2005-D, Home Equity Mortgage Loan Asset Backed Certificates Series INABS 2005-D, and PHH Mortgage corporation, as successor by merger to Ocwen Loan Servicing, LLC's Motion to Dismiss.  As of the filing of that Order, the response to the Motion to Dismiss was more than five weeks overdue.

The Order explained that "Plaintiffs are **ORDERED TO SHOW CAUSE** within **fourteen days** why the Motion should not be granted based on the lack of any opposition to the

relief sought. Failure to do so may result in dismissal of this case and other relief." (Id. at PageID 75.) Fourteen days from the entry of that Order was September 9, which came and went with no response from Plaintiffs.

On September 18, 2025, the Court entered a Second Order for Plaintiffs to Show Cause. (ECF No. 18.) The Court noted that, although Plaintiffs' counsel appeared to have satisfied its Rule 26(f) obligations, it continued to ignore the Court's orders and its obligations under Rule 12. The Order required Plaintiffs to show cause, by September 25, 2025, why the Motion to Dismiss should not be granted based on the lack of any opposition to the relief sought. The Court explained that "[t]his is Plaintiffs' final warning. Failure to show cause will result in dismissal of this case with prejudice." (Id. at PageID 92.)

Since the entry of the second show cause order, the Parties filed a joint stipulation selecting mediator on September 23. (ECF No. 20.) But Plaintiffs still have not responded to the Motion to Dismiss or either of the show cause orders. Their time to do so has passed.

Federal Rule of Civil Procedure 41(b) governs involuntary dismissals, and allows for dismissal for failure to prosecute or to comply with the rules or court orders. Rule 41(b) also provides that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 —operates as an adjudication on the merits."

In reviewing a district court's decision to dismiss a case for failure to prosecute, the Sixth Circuit Court of Appeals considers the following four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal

was ordered." Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005) (citing Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999)).

The Wu factors are met here. The failure to respond to the motion to dismiss, along with the failure to respond to the show cause orders, are the fault of Plaintiffs, and appear to also at least be willful. Defendants have been prejudiced by Plaintiffs' failure to prosecute their case, as they spent time and effort drafting their Motion to Dismiss and, as they allege in that filing, they have had to spend time defending against similar filings by the same Plaintiffs in the past. Plaintiffs were warned that a failure to respond to the Order to Show Cause may result in dismissing the claims with prejudice. Finally, while less drastic measures were not considered, the multiple orders to show cause gave Plaintiffs ample time to avoid a dismissal of the claims at issue, and explicitly warned Plaintiffs that a failure to respond would result in the case being dismissed. Dismissal is therefore appropriate.

The only remaining question is whether the dismissal should be with or without prejudice. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Jeffreys v. Nationwide Gen. Ins. Co., No. 14-cv-2599-SHL-tmp, 2015 WL 12867320, at *1 (W.D. Tenn. Apr. 20, 2015) (quoting Link v. Wabash R. Co., 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Id. (quoting Link, 370 U.S. at 629–630).

Here, the Court finds that the matter is appropriately dismissed with prejudice. Not only are the Wu factors established, but also, as Defendants' Motion to Dismiss explains, the subject of this case—a 2018 foreclosure on Plaintiffs' house—has been adjudicated on three separate occasions, each time with a finding adverse to Plaintiffs, and the second two times at least in part

3

based on the doctrine of res judicata. See Williams v. Ocwen Loan Servicing, LLC, No. 2-18-cv-02802-SHL-cgc (W.D. Tenn. Dec. 30, 2019); Williams et al v. Deutsche Bank Nat'l Tr. Co., No. 2-20-cv-02919-SHL-cgc (W.D. Tenn. Jan. 26, 2022); Alexandra-Williams et al., 2:23-CV-02409-TLP-cgc, aff'd, Alexandria-Williams v. Deutsche Bank Nat'l Tr. Co., No. 24-5623, 2025 WL 591362 (6th Cir. Feb. 24, 2025). Given the foregoing, along with the fact that Plaintiffs were warned that their case would be dismissed with prejudice if they failed to respond to the most recent show cause order, dismissal with prejudice is appropriate.

Given the foregoing, this matter is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 29th day of September, 2025.

                                                s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                CHIEF UNITED STATES DISTRICT JUDGE