IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARION LATROY ALEXANDRIA-WILLIAMS and NELL WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST SERIES INABS 2005-D, HOME EQUITY MORTGAGE LOAN ASSET-BACKED CERTIFICATES SERIES INABS 20005-D, and PHH MORTGAGE CORPORATION, AS SUCCESSOR BY MERGER TO OCWEN LOAN SERVICING, LLC, <br><br> Defendants. | Civ. No. 2:25-cv-02589-SHL-tmp |

**ORDER ADDRESSING PLAINTIFFS' MOTION FOR CLARIFICATION OF ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Plaintiffs' Motion for Clarification of Order Denying Motion for Reconsideration, filed November 26, 2025. (ECF No. 33.)[1] The Motion seeks to clarify several elements of the Court's November 18, 2025 Order Denying Plaintiffs' Motion for Reconsideration. First, Plaintiffs "seek clarification whether the Court intended its November 18 Order to foreclose Plaintiffs' ability to seek leave to file a reply within the period provided by Local Rule 7.2(c)." (Id. at PageID 172.) Plaintiffs also seek clarification "regarding the Court's

---

[1] On November 24, 2025, Plaintiffs filed a Motion for Clarification related to a different matter pending in the United States District Court for the Middle District of Tennessee. (ECF No. 31.) The Court entered a deficiency notice the next day. (ECF No. 32.) Because the filing of ECF No. 33 remedies the deficiency, ECF No. 31 is therefore **DENIED AS MOOT**.

statement that 'it appears that Drake reconciled whatever the "unrelated disciplinary proceedings" were.'" (Id.)  Plaintiffs "also request clarification concerning the Court's reference to Plaintiffs 'selecting' different attorneys." (Id. at PageID 173.)  As to the last request, Plaintiffs "respectfully request that the Court clarify that its Order was not intended to imply misconduct or lack of diligence by Plaintiffs regarding changes of counsel." (Id.)

Plaintiffs' request for clarification lacks clarity and, where it does not, seeks to clarify matters which are otherwise clear.  First, as to Plaintiffs' request for clarification as to whether the Order was meant to foreclose Plaintiffs' ability to seek leave to file a reply, a reply was not necessary and would not have altered the Court's conclusions that Plaintiffs' Motion for Reconsideration was untimely filed under Federal Rule of Civil Procedure 59, and failed to demonstrate excusable neglect that would warrant reconsideration under Rule 60.  As Plaintiffs acknowledge, under Local Rule 7.2(c), "reply memoranda may be filed only upon court order granting a motion for leave to reply."  Although the Court entered its Order Denying Plaintiffs' Motion for Reconsideration before the seven-day window closed for Plaintiffs to seek leave to file a reply, the Court had all of the information it needed to rule on the reconsideration motion without a reply, and would have denied any such motion had Plaintiffs filed it.

As to the Court's statement that it "appears that Drake reconciled whatever the 'unrelated disciplinary proceedings' were," that statement speaks for itself.  Counsel John Drake asserted in the Motion for Reconsideration that he "had been in the process of substituting another attorney, Kenya Brooks, to assist with the case due to unrelated disciplinary proceedings arising from Defendant's prior misrepresentations regarding the existence of a contract." (ECF No. 24 at PageID 118–19.)  Now, "Plaintiffs respectfully state that the disciplinary matter referenced in their Motion has not been resolved and remains pending." (ECF No. 33 at PageID 172.)  At no

time, either in the Motion for Reconsideration or the Motion for Clarification, did counsel suggest that the pending disciplinary proceeding prevented him from working on this case. The fact that Drake submitted a motion for reconsideration and, prior to that, participated in the Parties' Rule 26(f) telephone conference and signed off on the Parties' selection of a mediator led the Court to conclude that Drake had determined that, if the disciplinary matter prompted concerns about his representation of Plaintiffs, it ultimately did not preclude him from proceeding as counsel in this matter. The Court did not suggest or imply that the underlying disciplinary proceedings had been resolved. To the extent the Order implied anything, it was that Drake's decision to proceed with his representation rather than seek to withdraw as counsel meant that there were no issues with his ongoing representation of Plaintiffs. Ultimately, the Court did not make any factual finding, adverse or otherwise, regarding whether counsel acted in good faith related to his ongoing representation of Plaintiffs.

Finally, Plaintiffs' request for clarification concerning the Court's reference to them "selecting" different attorneys provides the biggest puzzlement of all. The Court did not make any reference to Plaintiffs' selecting different attorneys in its Order Denying Plaintiffs' Motion for Reconsideration or, for that matter, in the Order Dismissing Case with Prejudice for Failure to Prosecute. (See ECF No. 21.) In fact, the term "selecting" does not appear anywhere in the Order denying reconsideration. The Court cannot clarify a position it never took. Because the Court never addressed the issue of Plaintiffs changing counsel, it could not have "intend[ed] to imply misconduct or lack of diligence by Plaintiffs regarding changes of counsel."

    **IT IS SO ORDERED** this 2nd day of December, 2025.

                                                           s/ Sheryl H. Lipman
                                                           SHERYL H. LIPMAN
                                                           CHIEF UNITED STATES DISTRICT JUDGE